UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PERRY MOTOLO, : | CIVIL NO: 1:15-CV-00803 | |
| Petitioner : | | |
| : | | |
| : | (Judge Kane) | |
| v. : | | |
| : | (Magistrate Judge Schwab) | |
| J. BALTAZAR, : | | |
| Respondent : | | |

**REPORT AND RECOMMENDATION**

**I. Introduction.**

The petitioner, Perry Motolo, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241challenging the Bureau of Prisons's purported failure to release him after this criminal judgment was voided. Because Motolo's criminal judgment was not voided, Motolo's petition is without merit, and we recommend that the Court deny the petition.

**II. Background and Procedural History.**

In 2008, Motolo was convicted in the United States District Court for the Northern District of Indiana of tax and mail fraud. *Doc. 6-1* at 48-50. Chief Judge Miller sentenced Motolo to an aggregate term of imprisonment of 294 months. *Id.* at

50.[1] He also imposed a $2,700.00 special assessment on Motolo and ordered Motolo to pay $3,175,763.06 in restitution. *Id.* at 53.

In April of 2015, Motolo filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 claiming that, in 2008, the United States Court of Appeals for the Seventh Circuit voided his judgment of conviction, but the Bureau of Prisons never acknowledged such and continues to imprison him. Motolo requests release from imprisonment.[2] The respondent filed a response to the petition arguing that the Court should dismiss the petition because Motolo failed to exhaust administrative remedies or, in the alternative, the Court should deny the petition on the merits

---

[1] Although Chief Judge Miller originally sentenced Motolo to an aggregate term of imprisonment of 324 months, a couple of months later, he amended Motolo's judgment of conviction to reflect an aggregate term of imprisonment of 294 months. *Doc. 6-1* at 43 and 50.

[2] Motolo also requests monetary damages for each year he was held in custody despite the "Void Judgment." Monetary damages are not, however, available in a habeas corpus action under 28 U.S.C. § 2241. *See Preiser v. Rodriguez,* 411 U.S. 475, 494 (1973) (stating that if a "prisoner is seeking damages, he is attacking something other than immediate or more speedy release—the traditional purpose of habeas corpus" and that damages are not appropriate or available in a habeas corpus case); *Massaquoi v. Thomas*, 545 F. App'x 118, 120 n.2 (3d Cir. 2013) (noting that a 28 U.S.C.§ 2241 habeas petition is not the proper method to seek monetary damages).

because the Seventh Circuit did not vacate Motolo's judgment of conviction and the BOP correctly computed Motolo's sentence. Motolo then filed a reply.[3]

**III. Discussion.**

We first address the respondent's contention that the petition should be dismissed because Motolo failed to exhaust administrative remedies. Given Motolo's assertions that he has now exhausted administrative remedies, we will not recommend that the petition be dismissed for failure to exhaust administrative remedies.

Although there is no statutory exhaustion requirement applicable to habeas petitions brought pursuant to 28 U.S.C. § 2241, the courts have created a rule that prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241. *Moscato v. Federal*

---

[3] To the extent that Motolo is challenging his criminal conviction in his reply, he may not do so by way of § 2241 habeas petition. A federal prisoner generally must use 28 U.S.C. § 2255 to collaterally attack his conviction or sentence. *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002). He "can seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention." *Manna v. Schultz,* 454 Fed.Appx. 31, 33 (3d Cir. 2010). Although Judge Miller, in 2011, denied as untimely a § 2255 motion filed by Motolo, *see Doc. 6-1 at 88-94*, "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002).

3

*Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). The basic rationale for the exhaustion requirement is that judicial review may be facilitated by the agency's development of a factual record, that judicial time may be conserved if the agency grants the relief sought, and that administrative autonomy requires that an agency be given an opportunity to correct its own errors. *Arias v. United States Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981). Exhaustion of administrative remedies is not required, however, where administrative procedures are unavailable or incompetent to provide adequate redress or where exhaustion would be futile. *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998)(Roth, J., concurring) (exhaustion is not required when petitioner demonstrates that exhaustion is futile).

In order for a federal prisoner to exhaust administrative remedies, he must comply with the prison administrative remedy process set forth in the Code of Federal Regulations. Except for claims for which other administrative procedures have been established, federal inmates may seek "formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, an inmate must first present an issue of concern informally to staff before submitting an Administrative Remedy Request. 28 C.F.R. § 542.13(a). If the attempt at informal resolution is not successful, an inmate must submit a written Administrative Remedy Request to the institution staff member designated to receive such requests

4

within 20 days of the date on which the basis for the request occurred. 28 C.F.R. § 542.14(a) & (c)(4). The Warden has 20 days to respond to the Administrative Remedy Request, and an inmate who is not satisfied with the Warden's response may appeal to the Regional Director within 20 days of the Warden's response. 28 C.F.R. § 542.15(a) & §542.18. The Regional Director has 30 days to respond, and an inmate who is not satisfied with the Regional Director's response may appeal to the General Counsel within 30 days of the Regional Director's response. 28 C.F.R. § 542.15(a) & §542.18. The General Counsel has 40 days to respond. 28 C.F.R. §542.18. "Appeal to the General Counsel is the final administrative appeal." 28 C.F.R. § 542.15(a).

The time periods for an inmate to file an Administrative Remedy Request and to file appeals to the Regional Director and to the General Counsel may be extended when the inmate demonstrates a valid reason for delay. 28 C.F.R. § §542.14(b) & 542.15(a). Further, "[i]f the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level." 28 C.F.R. § 542.18. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.*

In this case, Motolo filed an Administrative Remedy Request claiming that the Court of Appeals issued a "Void Judgment Order" in his case and asking the Bureau of Prisons to verify that Order. *Doc.* 1 at 12. His Administrative Remedy Request was denied, and Motolo filed a Regional Administrative Remedy Appeal again claiming that the Court of Appeals voided his criminal judgment and stating that he is enclosing a copy of the "Void Judgment Order." *Id.* at 12 & 13. The Regional Director denied his appeal, and Motolo filed an appeal to the General Counsel again claiming that the Court of Appeals voided his criminal judgment. *Id.* at 13-14. In May of 2015, the Central Office rejected that appeal because Motolo failed to include a copy of the Regional Office's response, and the Central Office advised Motolo of his right to properly resubmit his appeal within 15 days. *Doc. 7* at 19. Motolo asserts that he then resubmitted his appeal to the Central Office with a copy of the Regional Office's response. Doc. 7 at 4, 13, & 19.

Motolo filed this habeas corpus case on April 24, 2015, before he had exhausted his administrative remedies. It is not clear from the record whether the General Counsel has responded to Motolo's resubmitted administrative appeal, but, even if the General Counsel did not respond, given that the deadline for a response has now passed, the absence of a response is considered a denial. Although Motolo should have waited until he either received a response from the General Counsel or

the deadline for a response from the General Counsel passed before filing his habeas corpus petition, according to Motolo, he has now finished the administrative remedy process. Thus, we do not recommend that the petition be dismissed on the basis that Motolo failed to exhaust administrative remedies.

We turn then to Motolo's claim that the BOP should release him given the Seventh Circuit's December 15, 2008 Order, which Motolo contends voided his criminal judgment. That Order provides as follows:

> The following are before the Court:
>
> 1. **DEMAND TO VACATE VOID JUDGMENT,** filed on November 19, 2008, by the pro se appellant,
>
> 2. **CONSTITONAL DEMAND FOR SANCTIONS FOR CAUSE,** filed on December 8, 2008, by the pro se appellant, and
>
> 3. **NOTICE OF VIOLATIONS OF CONSTITUTIONAL PRECEDENTS,** filed on December 11, 2008, by the pro se appellant.
>
> **IT IS ORDERED** that #1 is **GRANTED** in part. The Clerk of this court shall transmit the record on appeal to the warden at the Metropolitan Correctional Center, where the appellant is incarcerated, for appellant's use in preparing his opening brief. The record must be reviewed under the supervision of the warden. The warden shall return the record to the clerk of this court by January 12, 2008.

*Doc. 1* at 11. The Seventh Circuit then goes on to set a briefing schedule. *Id*[4] The Seventh Circuit later dismissed Motolo's appeal because Motolo failed to prosecute the appeal. *See Doc. 61-1* in *United States v. Motolo,* 08-2623 (7th Cir. Apr. 9, 2009).

Contrary to Motolo's contention, the Seventh Circuit did not void his criminal judgment. While the Seventh Circuit did grant in part Motolo's "Demand to Vacate Void Judgment," it did so only to the extent that it granted Motolo's request for access to the record in the case.[5] The Seventh Circuit did not in any way void the criminal judgment against Motolo. In fact, it later dismissed Motolo's appeal altogether, leaving the judgment intact. Thus, Motolo's claim that BOP should release him based on the Seventh Circuit's order is without merit, and so we will recommend that Motolo's petition for a writ of habeas corpus be denied.

---

[4] The Seventh Circuit revised the Order of December 15, 2008 on January 6, 2009 apparently to correct some improper dates in the original order. *See Doc. 47-1* and *Doc. 47-2* in *United States v. Motolo,* 08-2623 (7th Cir.). But the Seventh Circuit did not change the substance of the order. Because Motolo refers to the Order of December 15, 2008, we refer to that version as well.

[5] Motolo's "Demand to Vacate Void Judgment" is a rambling document mentioning the Uniform Commercial Code and sovereignty and contending that the criminal judgment did not have his full, correct name and that the district court did not have jurisdiction. *See Doc. 36* in *United States v. Motolo,* 08-2623 (7th Cir.). It also requests that Motolo be given access to "all transcripts, minutes and the record" of the case. *Id.* It is only this latter request for access to the record that the Seventh Circuit granted in its order.

## IV. Recommendation.

Accordingly, for the foregoing reasons, we recommend that the Court deny Motolo's petition for a writ of habeas corpus.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 17th day of September, 2015.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge